[844 NYS2d 765]

In the Matter of ROBERT E. SCOTT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

**APPEARANCES OF COUNSEL**

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Terrence M. Connors*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on February 21, 1978, and maintains an office for the practice of law in Buffalo. On September 19, 2007, respondent was convicted upon his plea of guilty in Town Court of failure to pay tax (Tax Law § 1810), an unclassified misdemeanor. Respondent admitted that he failed to pay personal income tax for a four-year period. He was sentenced to a conditional discharge.

The Grievance Committee filed proof of respondent's conviction in support of an application for an order suspending respondent and directing him to show cause before this Court why a final order of discipline should not be made on the ground that respondent had been convicted of a serious crime. Respondent opposed the application and submitted that a conviction of a violation of Tax Law § 1810 does not constitute a serious crime pursuant to Judiciary Law § 90 (4) (d). We agree.

This Court is authorized to suspend an attorney upon receipt of proof that the attorney has been convicted of a serious crime, and, upon the judgment of conviction becoming final, to direct the attorney to show cause why a final order of discipline should not be made (Judiciary Law § 90 [4] [f], [g]).

A serious crime is defined in Judiciary Law § 90 (4) (d) as an offense that constitutes a felony in another jurisdiction and any other crime that includes as a necessary element one of the elements enumerated in the statute. The crime of which respondent was convicted includes none of the elements enumerated in the statute.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including that he had paid all taxes due prior to the entry of his plea of guilty, that he has an unblemished record after nearly 30 years in practice and that he has an outstanding record of public service. Additionally, we have considered the numerous letters submitted on behalf of respondent attesting to his good character. Finally, we have considered respondent's expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

GORSKI, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Order of censure entered.